30 F.3d 128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA, Plaintiff-Appellee,
v.
GOER MANUFACTURING COMPANY, INCORPORATED, Defendant-Appellant.
BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA, Plaintiff-Appellant,
v.
GOER MANUFACTURING COMPANY, INCORPORATED, Defendant-Appellee.
 Nos. 93-1764, 93-1837.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1994.
Decided July 25, 1994.
 
 Appeals from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-89-2770-2-18)
 Timothy William Bouch, Young, Clement, Rivers & Tisdale, Charleston, SC, for Appellant.
 Virginia L. Vroegop, Sinkler & Boyd, P.A., Columbia, SC, for Appellee.
 Stephen P. Groves, Young, Clement, Rivers & Tisdale, Charleston, SC, for Appellant.
 Stephen E. Darling, Sinkler & Boyd, P.A., Columbia, SC, for Appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and JACKSON, United States District Judge for the Eastern District of VA, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This cases arises under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1001, et seq. Appellant Goer Manufacturing Company, Inc. (Goer) appeals from the district court's order (after a bench trial) directing Goer to reimburse Blue Cross and Blue Shield of South Carolina (Blue Cross) for certain medical insurance claims paid by Blue Cross plus related processing fees. Blue Cross cross appeals from the district court's refusal to award it attorneys' fees and pre-judgment interest. Finding no error, we affirm.
 
 
 2
 * Goer basically maintains a self-insured medical benefits plan for its 500 employees. For the period November 1, 1986, through October 31, 1987, Goer contracted with Blue Cross to administer the benefits plan under an Administrative Services Agreement (ASA). Under the ASA, Goer employees or their health care providers would file claims with Blue Cross for reimbursement or payment. Blue Cross would process the claims and pay the employee or provider. Blue Cross would then bill Goer for the amount of benefits paid plus retention and administrative fees.
 
 
 3
 The ASA had "stop loss" provisions pursuant to which Blue Cross served as an excess insurer for Goer. The aggregate stop loss figure was Goer's maximum total exposure in the contract year. Once Goer's claims reached that amount, Goer was not obligated to reimburse Blue Cross for any claims paid by Blue Cross during the remainder of the contract year.
 
 
 4
 The ASA also provided that, if Goer terminated the ASA, Blue Cross was required to pay "run-out" claims, i.e., claims incurred but not paid prior to the termination date. Because run-out claims by definition would be paid after the termination of the ASA and thus not during the contract year, run-out claims were not protected by the stop loss provisions.
 
 
 5
 Goer terminated the ASA effective November 1, 1987. Goer reached its stop loss protection level by July or August 1987, several months before the contract terminated. Between November 1, 1987 and May 12, 1988, Blue Cross paid run-out claims totalling about $150,000. Because run-out claims were not covered by the ASA's stop loss provisions, Goer was obligated to reimburse Blue Cross for these claims; had the claims been paid by Blue Cross before November 1, 1987, Blue Cross, as excess insurer, would have been responsible for these claims.
 
 
 6
 When Goer refused to reimburse Blue Cross in full for the payment of these run-out claims and related fees, Blue Cross filed this lawsuit seeking reimbursement under various theories of recovery. Among its defenses, Goer argued that Blue Cross breached the ASA and its fiduciary duties. The crux of Goer's breach of fiduciary duty defense was its allegation that Blue Cross deliberately delayed paying claims incurred before November 1, 1987, in order to push the claims into run-out status. According to Goer, Blue Cross did this to avoid its obligation as excess insurer to pay claims covered by the stop loss protection.
 
 
 7
 After a bench trial, the district court issued an opinion (Order I) finding that Blue Cross breached the ASA by not billing Goer on a weekly basis for the run-out claims. Consequently, the court held that Blue Cross could not recover from Goer on the run-out claims.[1] After Blue Cross filed a motion for reconsideration, the district court changed its position, finding that Blue Cross had not materially breached the ASA (Order II). Having found that Blue Cross had not breached either the ASA or its fiduciary duties, the court concluded "that Blue Cross is equitably entitled to the amount of the run-out claims that it paid on behalf of Goer Manufacturing, in the amount of $147,244.78." JA 87-88. The court also awarded processing fees for these run-out claims in the amount of $17,757.72. Thus, Blue Cross was awarded an additional $165,002.50 in Order II.
 
 
 8
 Goer appeals, essentially contending that the district court erred in rejecting its defenses that Blue Cross breached the ASA and its fiduciary duties. Blue Cross cross appeals, contending that the district court abused its discretion in denying its request for an award of attorneys' fees as well as pre-judgment interest on the $165,002.50 awarded in Order II.
 
 II
 
 9
 As for Goer's appeal, after reviewing the decision of the district court, considering the briefs submitted by the parties and the record, and hearing oral argument, we affirm on the district court's reasoning in Order II. Blue Cross & Blue Shield of South Carolina v. Goer Mfg. Co., Inc., CA No. 2:89-2770-18 (D.S.C. May 14, 1993).
 
 III
 
 10
 As for the cross appeal by Blue Cross, we conclude that the district court did not abuse its discretion in denying Blue Cross's request for an award of attorneys' fees and pre-judgment interest.
 
 
 11
 ERISA provides that "the court in its discretion may allow a reasonable attorney's fee...." 29 U.S.C. Sec. 1132(g). "Thus, ERISA places the determination of whether attorneys' fees should be awarded in an ERISA action completely within the discretion of the district court." Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1028 (4th Cir.1993) (en banc). In Quesinberry we said that district courts are required to justify an award or denial of attorneys' fees on the basis of five factors:
 
 
 12
 (1) degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.
 
 
 13
 Id. at 1029 (quoting Reinking v. Philadelphia Am. Life Ins. Co., 910 F.2d 1210, 1217-18 (4th Cir.1990)). The district court's opinions below did not specifically address these factors. Rather, Order I simply said that the "court declines to exercise its discretion to award attorneys' fees and costs to either party." JA 64. The court did not modify its position in Order II. Blue Cross essentially asks that we remand so that the district court can run through the five factors. Goer says these factors were "implicitly addressed" by the district court. Although we agree with Blue Cross that the district court should have explicitly applied the five factors, we decline to remand because we conclude that a remand would not change the result.
 
 
 14
 The reason we require district courts to apply the five factor approach is to "allow[ ] us some basis for reviewing whether the [denial or award of fees] was an abuse of discretion." Quesinberry, 987 F.2d at 1029. Here it is clear to us that the district court did not abuse its discretion. First, there is nothing in the record to suggest that Goer acted in bad faith when it refused to reimburse Blue Cross for the full amount of the run-out claims. Indeed, the district court's original order finding in favor of Goer demonstrates that Goer had a plausible justification for not reimbursing Blue Cross. Second, because this lawsuit centers around an interpretation of the parties' duties under the ASA, and because the district court initially thought Goer had a good argument for withholding reimbursement, it is doubtful that an order requiring Goer to pay for Blue Cross's attorneys' fees would have any significant deterrent effect on other persons similarly situated. Third, Blue Cross has not sought to resolve a significant legal question regarding ERISA, nor has Blue Cross sought to benefit all participants and beneficiaries of an ERISA plan. Finally, and most significantly for us, Goer's position had enough merit for the district court originally to rule in Goer's favor. In sum, the district court did not abuse its discretion in refusing to award attorneys' fees to Blue Cross and a remand here would be a waste of time.[2]
 
 
 15
 As for the district court's denial of pre-judgment interest on the run-out claims and related processing fees, "the award of prejudgment interest is discretionary with the trial court." Quesinberry, 987 F.2d at 1030. In Order II the district court said: "After balancing the equities, this court declines to award interest on these amounts." JA 88. Because the district court thought Goer had an argument that it was not obligated to reimburse Blue Cross for the run-out claims, we cannot say that the district court abused its discretion in refusing to order Goer to pay pre-judgment interest on those claims.
 
 IV
 
 16
 In conclusion, the district court did not err (1) in concluding that Goer was obligated to reimburse Blue Cross for the run-out claims and related processing fees, and (2) in denying Blue Cross's request for attorneys' fees and pre-judgment interest. Accordingly, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 In Order I Blue Cross did recover a net $38,943.28 for certain payments owed by Goer that were unrelated to the run-out claims
 
 
 [2]
 In its complaint, Blue Cross also argued that it was entitled to attorneys' fees under the ASA. In Order I, the district court rejected this argument. In neither its motion for reconsideration nor its brief on appeal did Blue Cross challenge the district court's conclusion that it was not entitled to attorneys' fees under the ASA. Accordingly, we conclude that Blue Cross has abandoned this claim